UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LIGHTING SCIENCE GROUP CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>HYPERIKON, INC.,<br><br>    Defendant. | Case No. 6:16-cv-343-Orl-37KRS<br><br>**UNOPPOSED MOTION** |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM**

Defendant Hyperikon, Inc. ("Hyperikon") respectfully moves pursuant to Local Rule 3.01(d) for leave to file a reply brief in response to Plaintiff's Response In Opposition to Defendant Hyperikon, Inc.'s Motion to Dismiss (Dkt. No. 22) ("Opposition").  The reply will not exceed five pages (exclusive of exhibits) and will be filed no later than five days after this motion is granted.  Hyperikon submits that Plaintiff Lighting Science Group Corporation ("LSG") improperly introduced new facts outside of the Complaint relating to communications between the parties and a non-disclosure agreement ("NDA").  The Court properly may decide to disregard these facts as being outside the four corners of the pleading.  *See Pouyeh v. Bascom Palmer Eye Inst.*, 613 Fed. Appx. 802, 808 (11th Cir. 2015).  However, if the Court were to rely on these extraneous facts, Hyperikon should be afforded the opportunity to respond.  LSG misrepresents key details of the NDA and misrepresents the law on the effect of the abrogation of Fed. R. Civ. P. 84 and Form 18 in patent cases. A reply is necessary so the Court will have a complete and accurate picture of the relevant facts and law to the extent the Court will review these facts.  Prior to filing this request, the parties agreed that LSG would not oppose this motion and that Hyperikon would not oppose LSG's request for a five-page surreply.

In the Opposition, LSG attempts to rely on an alleged NDA to try to excuse the absence of allegations related to indirect infringement and willful infringement in the Complaint.  *See* Opp. at 10 n.2, 11 n.3.  The Complaint neither mentioned nor alluded to an NDA, and LSG should not be permitted to rely on one to excuse its failure to meet the pleading requirements.  In fact, as explained below, there was no NDA in effect at the

time the Complaint was filed because the alleged NDA post-dates the Complaint.

Specifically, LSG does not mention that the NDA actually was executed by the parties in the days *after* the Complaint was filed.  The Complaint was filed on February 26, 2016, and the NDA was executed by Hyperikon on "FEB 27, 2016," and by LSG on "2-29-16."  The NDA specifically states that it "shall become effective as of the first date that this Agreement has been executed by each of the parties hereto."  In addition, inaccurate statements are also contained in the declaration of Philip Ragona, LSG's E.V.P. & General Counsel, which claims that "[b]ecause of the non-disclosure agreement, LSG has withheld from the Court the documents and information presented during negotiations that followed in ***the time period between entering into the non-disclosure agreement and the filing of the Complaint in the instant action***."  Dkt. No. 23, Ragona Decl. at ¶ 6 (emphasis added).  However, as explained above, there was no time period "between" the parties entering into the NDA and the filing of the Complaint, because the NDA was not in effect when the Complaint was filed.

Further, LSG's allegations that after the Complaint was filed, "Hyperikon's counsel raised various non-infringement arguments as to specific products of the Defendant" is incomplete.  Opp. at 1-2.  There were several discussions after the filing of the Complaint in addition to the specific conversation referenced in the Declaration of Mark Warzecha.  Dkt. No. 24, Warzecha Decl. at ¶ 4.  During these discussions Hyperikon's counsel explained that the conclusory allegations in the Complaint did not meet the required pleading standards.  Hyperikon's counsel also explained that LSG's claims (to the extent discernable) were not factually supported.  Indeed the Complaint,

does not identify the factual support for LSG's non-specific claims of infringement. A reply is necessary for Hyperikon to correct these factual inaccuracies for the Court to the extent the Court relies on them.

Finally, LSG gives the revision to the Fed. R. Civ. P. no importance and urges this Court to continue applying a pleading standard based on the now nonexistent Form 18. However, LSG relies on a single district court case (Dist. of Nevada) that is not controlling authority and has even been rejected by other courts. *See Tannerite Sports, LLC v. Jerent Enters., LLC*, 2016 WL 1737740, at *3 (D. Or. May 2, 2016). In fact, contrary to LSG's argument, numerous other courts have held that the rule change has significance. *See Asghari-Kamrani v. United Servs. Auto. Ass'n*, 2016 WL 1253533, at *3 (E.D. Va. Mar. 22, 2016) ("All Patent complaints filed after December 1, 2015 are subject to the normal pleading standards of Federal Rule of Civil Procedure 8(a)."); *see also Avago Tech. Gen. IP (Singapore) PTE Ltd. v. Asustek Computer, Inc.*, 2016 WL 1623920, at *4 (N.D. Cal. Apr. 25, 2016) (assuming that Form 18 no longer provides the proper measure for the sufficiency of a complaint); *Atlas IP LLC v. Pac. Gas & Elec. Co.*, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016) ("Under the amended rules, allegations of direct infringement are now subject to the pleadings standards established by *Twombly* and *Iqbal*, requiring plaintiffs to demonstrate a 'plausible claim for relief.'"); *Rembrandt Patent Innovations LLC v. Apple Inc.*, 2015 WL 8607390, at *2 (N.D. Cal. Dec. 13, 2015) ("Form 18 … no longer applies").

For the foregoing reasons, Hyperikon respectfully requests that the Court grant it leave to file a reply brief within five days, not to exceed five pages exclusive of exhibits.

Dated: May 20, 2016  /s/ _Edward M. Mullins_____
Edward M. Mullins
Florida Bar No. 863920
ASTIGARRAGA DAVIS
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: emullins@astidavis.com

David C. Radulescu, Ph.D. (*pro hac vice*)
Tigran Vardanian (*pro hac vice*)
RADULESCU LLP
The Empire State Building
350 Fifth Avenue, Suite 6910
New York, NY 10118
Telephone: (646) 502-5950
Facsimile: (646) 502-5959
david@radulescullp.com
tigran@radulescullp.com

*Attorneys for Hyperikon, Inc*.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that prior to filing this Request, Hyperikon's counsel conferred with LSG's counsel.  The parties agreed that LSG would not oppose this motion and that Hyperikon would not oppose LSG's request for a five-page surreply.

Dated: May 20, 2016  /s/ _Edward M. Mullins_____
Edward M. Mullins

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 20, 2016, a true and correct copy of the foregoing was electronically filed using the CM/ECF filing system with the Clerk of the Court, which sent a Notice of Electronic Filing to all counsel of record.


Dated: May 20, 2016                         */s/ Edward M. Mullins*
                                            Edward M. Mullins