**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LIGHTING SCIENCE GROUP
CORPORATION,

    Plaintiff,

v.

GLOBALUX LIGHTING LLC

    Defendant.

_____ /

Case Nos. 6:16-cv-681-Orl-37-KRS
6:16-cv-680-Orl-37-KRS
6:16-cv-679-Orl-37-KRS
6:16-cv-678-Orl-37-KRS
6:16-cv-677-Orl-37-KRS
6:16-cv-413-Orl-37-KRS
6:16-cv-343-Orl-37-KRS
6:16-cv-338-Orl-37-KRS

**COUNSEL'S RESPONSE TO ORDER
TO SHOW CAUSE DATED MAY 19, 2016**

COMES NOW, Counsel, Mark F. Warzecha ("Counsel") and files his response to Order to Show Cause dated May 19, 2016, and states:

**INTRODUCTION**

In the Show Cause Order dated May 19, 2016 ("Order"), this Court questioned Counsel's decision and rationale for not indicating various cases were related. (See 6:16-cv-681-Orl-37-KRS, 6:16-cv-680-Orl-37-KRS, 6:16-cv-679-Orl-37-KRS, 6:16-cv-678-Orl-37-KRS, 6:16-cv-677-Orl-37-KRS, 6:16-cv-413-Orl-37-KRS, 6:16-cv-343-Orl-37-KRS, 6:16-cv-338-Orl-37-KRS). This Court directed Counsel to file an Amended Notice of Pendency of Related Cases in each open Lighting Science Group Corporation ("LSGC") case. Counsel has complied with this portion of the Order. (See DKT. 28 (case 338), 17 (case 413), 27 (case 343), 15 (case 681), 11 (case 680), 19 (case 678), 11 (case 679) and 19 (case 677)). Furthermore, this Court questioned

the rationale behind why Counsel did not indicate the LSGC cases were related.   For the reasons stated below, Counsel had a good faith basis and relied on prior case law when Counsel chose not to indicate the cases as related, and would respectfully request Your Honor to refrain from imposing sanctions based upon the following.

## RESPONSE TO SHOW CAUSE ORDER

Counsel was first admitted to practice law in November of 1994.   Counsel has engaged in the practice of law continuously and uninterrupted since 1994.   Counsel's practice has almost exclusively focused on the subject matter of intellectual property, and therefore, has spent the majority of Counsel's 22 years of practice before Federal Judges, in Federal Courts, in multiple states, including New York, Indiana, Massachusetts, Florida and Utah.   Counsel has the utmost respect and reverence for the federal judiciary and is extremely embarrassed by this Court's belief that Counsel's prior actions were "false" and in some way calculated to cause this Court to expend its time on administrative matters.

Counsel takes pride in the fact that in over 22 years or practicing law, Counsel has never received an order similar to this Court's Order or has had Counsel's truth or veracity of its filings questioned.   Furthermore, Counsel takes great pride in the fact that Counsel has never been subject to a disciplinary complaint or subject to even the filing of a Rule 11 motion in response to a filing made by Counsel on behalf of its client.   Counsel takes great pride in the fact that Counsel has practiced for over 22 years and this is the first time Counsel has had to explain and/or justify its genuineness and/or veracity of Counsel's filing.

Counsel is very much aware of, mindful and respectful of the limited resources of the federal judiciary.   In fact, Counsel often discusses with local judges how the federal judiciary implements case management plans, and the like, to streamline litigation in an attempt to expedite cases to a resolution without the delay that is normally associated with state court

proceedings. Counsel takes great pride in practicing before the federal judiciary, and is mindful and reverent of the Court's extremely crowded docket and the problems associated with resolving pending matters. Furthermore, Counsel is well aware that it takes a lifetime to establish one's good reputation and only one action can tarnish all of that hard work.

Counsel indicated the LSGC cases were not related based upon its misinterpretation of Local Rule 1.04, and its misinterpretation of cases relating to the joinder/consolidation of multiple defendants. In short, Counsel analogized "consolidation of defendants" with Local Rule 1.04. Obviously, this was a misinterpretation of the Local Rule and in no way shape or form, an attempt to gain any type of advantage and/or waste the resources of this Court.

Counsel relied upon In Re EMC Corp., 677 F.3d 1351 (Fed. Cir. May 4, 2012) wherein the court stated, "improperly joining defendants will deprive those defendants of 'a meaningful opportunity to present individualized defenses on issues such as infringement, willfulness and damages because each defendant will have limited opportunities to present its own defense to the jury.'" Counsel was guided by In Re EMC Corp. which held that defendants should not be "thrown into a mass pit to suit plaintiff's convenience." EMC Corp. at 1355 citing WiAV Networks, LLC v. 3Com Corp., No. C 10-03448, 2010 WL 3895047, at *2 (N.D. Cal. October 1, 2010).

It is clear, however, after reading this Court's Order, and further research of Local Rule 1.04, that Counsel misapplied the standard for joinder/consolidation with the purpose and intent of Local Rule 1.04. Counsel respectfully apologizes to this Court for causing it to expend its resources in researching the related cases as well as issuing the Order. However, Counsel in no way, shape or form attempted to cause this Court to do so. Counsel, albeit incorrectly, had a good faith basis based upon case law from the Federal Circuit for its decision to not indicate the cases were related. Conversely, Counsel believed, in good faith, that if it did indicate the cases

were related, it would prejudice the Defendants as opposed to advancing Plaintiff's position.

Lastly, Counsel is fully confident that after review of the above basis and rationale for its filings, this Court can impartially and with an unbiased eye, review and decide future filings in these cases. Counsel is greatly concerned that a misapplication of Federal Circuit law regarding joinder/consolidation would influence this Court's confidence in Counsel's future filings. Counsel wishes to assure this Court that it would never think of filing anything without a good faith basis and solely for purpose of frustration or delay.

For the reasons stated above, Counsel respectfully requests this Court to refrain from the imposition of sanctions on Counsel for what Counsel believes was a good faith basis for its filings. Counsel would also reassure this Court of its upmost respect for the federal judiciary and the strains on its resources. Lastly, Counsel would hope that this Court would accept its sincere apology in requiring the Court to expend unnecessary resources, and urge the Court to reconsider its first impression that the basis for the filing was for any reason other than just and proper.

Dated: May 27, 2016.

>*/s/ Mark F. Warzecha*
> Mark F. Warzecha, Esq.
> Florida Bar No. 0095779
> **WIDERMAN MALEK, PL**
> 1990 W. New Haven Avenue, Suite 201
> Melbourne, Florida 32904
> Telephone:  321-255-2332
> Facsimile:  321-255-2351
> MFW@USLegalTeam.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 27, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.   I further certify that the foregoing document is being served this date on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            */s/ Mark F. Warzecha*
                                              Mark F. Warzecha