**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LIGHTING SCIENCE GROUP
CORPORATION,

        Plaintiff,

v.

                                    Case No. 6:16-cv-343-Orl-37-GJK

HYPERIKON, INC.,

        Defendant.

**ORDER**

This action is before the Court on the following matters:

(1)    Defendant's Motion to Dismiss Lighting Science Group Corporation's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Memorandum of Law in Support Thereof (Doc. 15), filed April 29, 2016;

(2)    Plaintiff's Response in Opposition to Defendant Hyperikon, Inc.'s Motion to Dismiss and Incorporated Memorandum of Law (Doc. 22), filed May 16, 2016; and

(3)    Defendant's Motion for Leave to File a Reply Memorandum (Doc. 26), filed May 20, 2016.

**BACKGROUND**

This action is one of the first of approximately a dozen patent infringement actions initiated by Plaintiff Lighting Science Group Corporation ("**Plaintiff**") against various Defendants based on related United States Patents—including U.S. Patent Number

8,672,518 B2 ("**518 Patent**") and U.S. Patent Number 8,967,844 B2 ( "**844 Patent**").[*] (Doc. 1.) Defendant Hyperikon, Inc. ("**Hyperikon**") moved to dismiss the Complaint filed in this action (Doc. 15 ("**Rule 12 Motion**")), Plaintiff responded (Doc. 22 ("**Response**")), and Defendant requested leave to file a reply (Doc. 26). As explained below, the Court finds that the Complaint is deficient; thus, Plaintiff must replead.

## DISCUSSION

Federal Rules of Civil Procedure 8 and 10 require that all pleadings include "short and plain" statements of a pleader's claim set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 8(a), 10(b); *see also Kabbaj v. Obama*, 568 F. App'x 875, 879 (11th Cir. 2014). Allegations must be "simple, concise, and direct", Fed. R. Civ. P. 8(d)(1), and pleaders should not use mere labels, legal conclusions, or formulaic recitation of the legal elements of a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a viable pleading must provide factual allegations sufficient to "state a claim for relief that is plausible on its face." *See id*. at 557 (noting that a pleading is deficient if it tenders "naked assertions" without "factual enhancement"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 672, 678–79 (2009).

When a pleader "fails to follow Rules 8 and 10," the resulting pleading "may be classified as a shotgun pleading." *Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014); *see Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320

---

[*] A third patent—U.S. Patent No. 8,201,968 ("**968 Patent**")—is at issue in many of the other infringement actions filed by Plaintiff. *See Lighting Sci. Grp. Corp. v. SELS, Inc.*, 6:16-cv-679; *Lighting Sci. Grp. Corp. v. EELS Co., Ltd.*, 6:16-cv-680; *Lighting Sci. Grp. Corp. v. Globalux Lighting, LLC, 6:16-cv-681; see also Lighting Sci. Grp. Corp. v. Sea Gull Lighting Prods., LLC*, 6:16-cv-338; *Lighting Sci. Grp. Corp. v. Sunoco Lighting, Inc.*, 6:16-cv-677; *Lighting Sci. Grp. Corp. v. Nicor, Inc.*, 6:16-cv-413; *Lighting Sci. Grp. Corp. v. Panor Corp.*, 6:16-cv-678.

(11th Cir. 2015) (defining a "shotgun pleading" as a pleading that violates "either Rule 8(a)(2) or Rule 10(b), or both"). Shotgun pleadings take many forms, including the failure to plead "discrete claims" in "separate counts." *See Lacroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015); *Kennedy v. Bell S. Telecomm., Inc. (AT&T)*, 546 F. App'x 817, 818, 820 (11th Cir. 2013) (recognizing a "one-claim-per-count rule" under Rule 10(b)); *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011) (noting that shotgun pleadings lump "claims together in one count"); *see also zIT Consulting GmbH v. BMC Software, Inc.*, No. 6:15-cv-1012-Orl-37KRS, 2016 WL 231215, at *3 (M.D. Fla. Jan. 15, 2016) (dismissing complaint in patent action where plaintiff lumped direct and indirect infringement claims together in a single count).

Here, Plaintiff filed substantially similar bare-bones complaints in each of the dozen actions it filed in this Court, and Hyperikon is the only Defendant to file a Rule 12 Motion. (*See* Doc. 15.) Although Hyperikon stands alone, its argument is well-taken because the Complaint provides little more than formulaic recitations of myriad claims lumped together in just two counts. (Doc. 1 (referencing at least three distinct statutory provisions and twenty-three different patent claims in just two counts of the six-page Complaint).) Further, the Court is unpersuaded by Plaintiff's argument that the Complaint is well-pled when considered in light of the parties' pre-litigation communications. (*See* Doc. 22; *see also* Docs. 23, 24.) Notably, such communications are not referenced in the Complaint, and the declarations filed by Plaintiff concerning such communications may not be considered at the pleading stage. *See Telltabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (prohibiting courts from considering evidence improperly submitted in opposition to a motion to dismiss).

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion to Dismiss Lighting Science Group Corporation's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Memorandum of Law in Support Thereof (Doc. 15) is **GRANTED**.

2. Defendant's Motion for Leave to File a Reply Memorandum (Doc. 26) **is DENIED AS MOOT**.

3. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

4. On or before **August 12, 2016**, Plaintiff may file an Amended Complaint.

5. If Plaintiff fails to timely file an Amended Complaint, the Court will direct that this action be closed without further notice to the parties.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 22, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

4